## The Kentucky Distributing Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 25496. Promulgated September 20, 1951.

*Leo Weinberger, Esq., Jerome Frank, Esq.,* and *H. W. Vincent, Esq.,* for the petitioner.

*Hugh F. Culverhouse, Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge:* This case presents three purely factual questions. The first and major one concerns the fiscal year ended June 30, 1944, and involves the question of whether petitioner derived addi-

tional unreported income from the alleged sale of whiskey at prices in excess of O. P. A. ceilings.

The regular wholesale liquor license held by petitioner expired on June 30, 1943. Its renewal was refused by the Commonwealth of Kentucky. Thereafter, several temporary permits were issued petitioner to allow for a liquidation of its stock. Throughout the period commencing July 1, 1943, and ending January 31, 1944, petitioner's business was continued under such temporary permits, and strenuous efforts were made to acquire the reissuance of its license. All efforts failed, and petitioner's operations ceased on January 31, 1944.

Respondent determined that during the year involved, petitioner realized additional unreported income from its sales of whiskey in excess of O. P. A. ceiling prices, and that this excess is includible in petitioner's taxable income under the provisions of section 22 (a) of the Internal Revenue Code.[1]

Petitioner has introduced evidence consisting of the testimony of several witnesses. This evidence was to the effect that no overceiling prices were charged during the period under review and that no such payments were received by any employee of petitioner.

In support of his determination, respondent has introduced the testimony of five witnesses. While there was some evidence adduced which lent a measure of support to the government charges, it was exceedingly vague. In some instances, it was not definitely fixed as to time. Several witnesses testified that they made a cash payment they understood to be in excess of the ceiling price appearing on the invoice, but they were unable to state that they ever knew the ceiling price, to identify the person to whom such payment was made, or to remember the amount so paid. Only on one occasion was that person definitely identified, and he categorically denied receiving anything above the invoice price. Moreover, this particular witness was unable to give more than a hazy, uncertain approximation of the alleged excess payment.

When taken as a whole, the most that can be said for respondent's evidence is that it evokes suspicion. In reaching a conclusion, we are limited to the record made. We may not go outside thereof and indulge in speculation.

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property ; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

After giving due consideration to all the evidence adduced by both parties, we feel that petitioner has met its burden of proof and should prevail on this issue.

The second issue raises the question of whether respondent correctly disallowed the travel expenses claimed as a deduction by petitioner for the fiscal year ended June 30, 1944.

The pertinent portion of the Internal Revenue Code is section 23 (a) (1) (A).[2] And that section allows a deduction for travel expenses incurred during the taxable year "* * * in the pursuit of a trade or business; * * *." Any portion of such expenses that may be categorized as personal are not so deductible. Section 24 (a) (1), Internal Revenue Code.[3]

After considering the trips made and the expenses incurred by Fabe, in the light of the circumstances known then to exist, we are convinced that some part, but not all, of such travel expenses was prompted by strictly business considerations and should be allowed as a deductible expense.

Consequently, we have applied the rule of *Cohan* v. *Commissioner*, 39 F. 2d 540, and have come to the conclusion that $2,500 fairly represents the amount of such expenses as is properly deductible.

There remains the question of whether respondent erred in disallowing, as excessive, part of the amount paid Fabe by petitioner for personal services rendered it during the fiscal year ended June 30, 1945. The applicable statute is section 23 (a) (1) (A), *supra.*

Petitioner contends that the presumption of correctness attached to respondent's determination was overcome and disappeared when it introduced evidence on the question under consideration through the testimony of Fabe, that respondent has offered no evidence nor discredited such testimony, that it has, therefore, established a prima facie case, and that a decision must be reached on the testimony as it appears. We do not agree.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) EXPENSES.—
(1) TRADE OR BUSINESS EXPENSES.—
(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

[3] SEC. 24. ITEMS NOT DEDUCTIBLE.
(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—
(1) PERSONAL, LIVING, * * * EXPENSES, * * *.

Here, we have little evidence as to the services actually rendered and the value to be placed thereon other than Fabe's self-serving, sketchy, and uncorroborated testimony. It did not establish petitioner's contention as to amount or value of his services. We have no alternative to sustaining respondent's determination as to this issue.

*Decision will be entered under Rule 50.*